UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cr-00127-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DANIEL HEGGINS,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's pro se pleading captioned "Judicial Notice" (#89). This pleading appears to be a follow up to his earlier filings this month (#s84, 85, & 85), which this court denied in written Orders (#s 87 and 88). The court deems this to be defendant's second Motion to Dismiss. The court has determined that the pleading does not have the earmarks of a Section 2255 petition as required under Rule 2, Federal Rules Governing Section 2255 Proceedings, and will, in an abundance of caution, not construe it as defendant's one opportunity for a Section 2255 petition. In accordance with Castro v. United States, 540 U.S. 375 (2003), the court will advise petitioner of the correct method for filing a Section 2255 if he chooses that course of action.

In the instant motion, defendant appears to claim, again, that this court lacks jurisdiction over him and that the Judgment and orders entered in this matter should be deemed null and void and that his property should be restored. Motion (#89) at. Defendant goes on to claim that if this matter is not "settled at the District Court level," he will "immediate[ly] appeal to another court," which "may create a precedent." Id.

1

As discussed in previous orders both before and after entry of the Judgment, defendant's underlying thesis that this court lacks jurisdiction over him is one that is fundamentally flawed. Regardless of where a person may have been born (with certain exceptions under 22 U.S.C. § 254a (1)(A)-(C), none of which apply here),[1] this Court may exercise its jurisdiction over any person for violations of Title 18 occurring within the Western District of North Carolina, which is precisely what happened in this case. Indictment (#1). "A person's alleged nationality or ethnicity does not somehow absolve that person of criminal responsibility." Els v. N. Carolina, 1:14CV564, 2014 WL 12493279, at *1 (M.D.N.C. Aug. 22, 2014), report and recommendation adopted *sub nom.* Hoover Els v. N. Carolina, 1:14-CV-564, 2014 WL 12493280 (M.D.N.C. Aug. 22, 2014), appeal dismissed *sub nom*. Els v. N. Carolina, 588 Fed. Appx. 250 (4th Cir. 2014).

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's pro se pleading captioned "Judicial Notice," to the extent it seeks relief from this court as a Motion to Dismiss, is **DENIED** without prejudice as to raising the substance of such claim in a Section 2255 petition.

In accordance with Castro, defendant is advised that if he believes this court lacked jurisdiction to enter the Judgment against him (see Rule 1(a)(2), Federal Rules Governing Section 2255 Proceedings), the proper way to bring that before this Court is a Motion to Vacate, Set Aside, or Correct the Sentence under 28 U.S.C. § 2255, filed on the appropriate form or its analogue, and signed under penalty of perjury. Such a motion must be filed within one year of the Judgment in this matter becoming final. He is advised that under the Antiterrorism and Effective Death Penalty

---

[1] The Court has earlier dismissed defendant's claims of diplomatic immunity under this provision, noting that he has been a resident of Huntersville, N.C., since 2001, and before that resided in the Bureau of Prisons.

Act, he may only file one such motion as to this Judgment without first securing leave of the Fourth Circuit to file a second or subsequent petition.

Signed: November 22, 2016

Max O. Cogburn Jr
United States District Judge