UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00192-MOC
3:15-cr-00127-MOC-DCK-1

| DANIEL HEGGINS, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1].[1]

**I.    BACKGROUND**

A federal grand jury indicted Petitioner Daniel Heggins ("Petitioner"), also known as Tebru El Bey, on May 21, 2015, with one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 (Count One) and sixteen counts of false, fictitious, and fraudulent claims and aiding and abetting the same in violation of 18 U.S.C. §§ 287 and 2 (Counts Two through Seventeen). [CR Doc. 1: Bill of Indictment]. The Court appointed counsel for Petitioner on May 22, 2015, at Petitioner's initial appearance. [5/22/2015 Docket Entry]. Attorney Richard H. Tomberlin appeared for the Petitioner. [CR Doc. 9]. On July 8, 2015, after Plaintiff purported to fire Tomberlin as his attorney [CR Doc. 28], the Court held a hearing on the status of Plaintiff's counsel, ordered that Petitioner could represent himself, and appointed stand-by counsel, Kenneth

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:22-cv-00192-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:15-cr-00127-MOC-DCK-1.

D. Snow, for Plaintiff [7/8/2015 Docket Entry; Docs. 31, 33].

On November 10, 2015, Petitioner and the Government entered into a Plea Agreement pursuant to which Petitioner agreed to plead guilty to Count One and the Government agreed to dismiss the remaining counts. [See CR Doc. 57: Plea Agreement]. Petitioner was sentenced to a term of imprisonment of 41 months and a term of supervised release of three years. [CR Doc. 80 at 2, 3]. Judgment on Petitioner's conviction was entered on March 28, 2016. [Id.]. Petitioner did not appeal his conviction or sentence and, until now, has not collaterally attacked his conviction or sentence.

On or around July 20, 2018, Petitioner was released from the custody of the Bureau of Prisons and his term of supervised release began. [See CR Doc. 112 at 1: U.S. Probation Petition]. On April 25, 2019, the Court issued a warrant for Petitioner's arrest for his supervised release violations (SRVs). [Id. at 5]. Petitioner was charged with four SRVs and four new law violations. [Id. at 1; CR Doc. 128: SRV Judgment]. Petitioner was arrested on July 21, 2020 on this warrant. [7/21/2020 Docket Entry]. Petitioner admitted guilt to three of the four SRVs and was adjudicated guilty of the four new law violations. [CR Doc. 128 at 1]. Petitioner's supervised release was revoked, and he was sentenced to a term of imprisonment of 12 months and a term of supervised release of 24 months for these violations. [Id. at 2-3; 10/30/2020 Docket Entry]. Judgment on these violations was entered on November 13, 2020. [Id.]. Petitioner was released from BOP custody on July 19, 2021 after serving the custodial portion of the SRV sentence. [CR Doc. 132 at 1: SRV Petition].

On January 26, 2022, the Court issued another warrant for Petitioner's arrest for three new SRVs. [Id.]. Petitioner was arrested on these violations on March 1, 2022. [CR Doc. 133]. After waiving detention and preliminary hearings and consenting to detention, Petitioner was ordered

detained on April 14, 2022. [CR Docs. 138-140]. Of note, Petitioner has many times sought unsuccessfully to affect his criminal proceedings by and/or through his purported Moorish American/sovereign citizen status. [See e.g., CR Docs. 28, 30, 36, 39, 40, 48, 84-86, 89, 91, 94, 97, 98, 102, 105-111, 120-22, 126-27, 129-31].

Now before the Court is Petitioner's § 2255 motion to vacate, which was docketed on May 2, 2022.[2] [CV Doc. 1]. In his motion to vacate, Petitioner purports to challenge the November 13, 2020 SRV judgment, but references only his original crime of conviction and not any SRVs. [Id. at 1]. As grounds for relief, Petitioner seems to claim that the Court lacked "nationality jurisdiction" and personal jurisdiction over him; that his conviction was "made under threat, duress, and coercion, induced and not voluntary;" and "denial of appeal." Petitioner also states, citing the Immigration and Nationality Act, that "Every man has a Right to Nationality" and "Every man has Rights to Legal Due Process." [Id. at 6].

Petitioner tacitly acknowledges that his motion to vacate was filed more than one year after the judgment of conviction became final. [CV Doc. 1 at 11]. That is, Petitioner contends his motion to vacate is timely because "Nationality Jurisdiction is Supreme under Constitution of America Republic 1774, Article 1774 VI, and Article III section 2 clause Treaties, Treaty Of Peace and Friendship 1836, Federal C Special Provisions." [Id.]. Petitioner asks the Court to "grant the relief to which [he] may be entitled." [Id. at 12].

## II.  STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence,

---

[2] Petitioner attests to having placed it in the prison mailing system on April 13, 2022. [CV Doc. 1 at 12]. The envelope transmitting it, however, was not postmarked until April 28, 2022. [CV Doc. 1-1]. Ultimately the date of preparation and transmission is relevant only as to timing relative to Petitioner's consent to detention, which occurred on April 13, 2022. [CR Doc. 138: Detention Hearing Waiver].

or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, it is unclear whether Petitioner challenges his original conviction or his November 13, 2020 SRV Judgment. [See CV Doc. 1 at 1]. Petitioner's original conviction became final for purposes of Section 2255(f) on April 11, 2016, when the 14-day period to appeal his conviction expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); Fed. R. App. P. 4(b)(1)(A). To the extent Petitioner challenges the SRV Judgment, on the other hand, this conviction became final on November 27, 2020. See id.; United States v. Moxley, No. 3:99CR285-HEH, 2017 WL 5195870, at *2 (E.D. Va. Nov. 9, 2017). Petitioner, however, did not file the instant motion to vacate until, at the earliest, April 13, 2022, which in either case was well over a year after the convictions became final. Petitioner's motion, therefore, is untimely and barred by the AEDPA.[3] Because Petitioner addressed the timeliness issue in his original petition, the Court need not provide Petitioner any additional opportunities to address this issue. See Whitener v. United States, No. 3:14-cv-600-MOC, 2014 WL 7339188 (Dec. 23, 2014); Cureton v. United States, 2007 WL 1651437, n.1 (W.D.N.C. June 2, 2007). The grounds for timeliness Petitioner asserts are nonsensical and frivolous and provide no relief to Petitioner relative to timeliness or otherwise. The Court will, therefore, deny and dismiss Petitioner's motion to vacate.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion is untimely and is denied and dismissed with prejudice.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists

---

[3] Even if Petitioner's motion to vacate were not time-barred, the Court would find it meritless in any event.

would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).  Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. at 484-85.  As a result, the Court declines to issue a certificate of appealability.  See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

Signed: May 26, 2022



Max O. Cogburn Jr.
United States District Judge