UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cr-127-MOC-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| DANIEL HEGGINS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Government's Motion to Strike Frivolous Notices filed by Defendant. (Doc. No. 151).

In support, the Government argues that Defendant, who is representing himself, continues to file frivolous notices with the Court. Plaintiff's notices and filings with the Court relate to his utterly meritless contention that he is not subject to the laws of the United States due to his membership in the Moorish nation. The Government contends, and the Court agrees, that Defendant's filings lack any cognizable basis in federal law and generally do not make specific requests for relief to which the Government can respond. Instead, they appear to be template arguments commonly used under the discredited "Sovereign Citizen" or "Moorish Nation" theory as attempts to avoid this Court's jurisdiction over him. See Joiner v. Hooks, Case No. 1:20-CV-00132, 2020 WL 7049851, at *1 (W.D.N.C. Dec. 1, 2020) ("Courts considering such claims have universally determined that they are without merit.") (collecting cases).

Furthermore, Defendant appears to threaten this Court and his probation officer with a claim for damages in the amount of $10 million should his sovereignty be infringed. See e.g. (Doc.

-1-

No. 149 (UCC Financing Statement Lien "in the amount of Ten Million USD ($10,000,000.00")). Defendant also asserts that he is immune from prosecution because he is a "diplomat." See (Doc. No. 141 ("Mr. Tebnu El Bey is protected by Treaty of Peace and Friendship 1836, Tripoli Bey . . .")).

Contrary to his assertions, Defendant is not a diplomat, and his argument that the Court lacks jurisdiction over him because he is not a citizen of the United States is frivolous. Indeed, there is not a single case in the United States in which a court has recognized this type of claim brought by a defendant. Moreover, Defendant's right to self-representation is "not a license to abuse the dignity of the courtroom," nor is it a "license not to comply with relevant rules of procedural and substantive law." Faretta v. California, 422 U.S. 806, 836 n.46 (1975). A defendant who has received adequate warnings of the perils of self-representation who chooses to represent himself is held to the same legal standards as if he were represented by counsel. United States v. Weeks, 884 F.2d 1390 (4th Cir. 1989) (unpublished table decision). "Pro se litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions." United States v. Johnston, Case No. 2:92-CV-89, 2006 WL 889454, at *1 (W.D.N.C. Apr. 5, 2006) (citations omitted). Furthermore, Defendant's threats that the Court and/or the Government purportedly owe him a debt appear to be precursors to future vexatious filings and sovereign citizen processes intended to derail or delay this criminal case. See, e.g., Gravatt v. United States, 100 Fed. Cl. 279, 283 (2011); Monroe v. Beard, 536 F.3d 198, 202–04 (3d Cir. 2008).

The Court agrees with the Government that Defendant's filings are frivolous and are burdensome to the Court and the Government. Therefore, the Court will grant the motion to strike.

The Court strikes Documents 141, 143, 145–147, and 149 from the record. Moreover, the Government will not be required to respond to any similar frivolous filings made by Defendant.

**<u>The Court further warns Defendant that if he continues to file frivolous notices with the Court, the Court will impose sanctions, including monetary sanctions against Defendant, without further giving any further notice or warnings to Defendant.</u>**

**IT IS SO ORDERED**.

Signed: August 31, 2022

Max O. Cogburn Jr
United States District Judge